UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jessica Esparza, et al., | ) | Case No. 1:13-cv-835 |
| | ) | |
| Plaintiffs, | ) | Judge |
| | ) | |
| vs. | ) | |
| | ) | |
| Thomas G. Klocker, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **Defendants' Answer To First Amended Complaint**

For its answer to the first amended complaint of plaintiffs Jessica Esparza and All Metal Source, LLC, defendants Thomas G. Klocker and All Metal Sales, Inc. respond as follows:

## **As To "Facts Common to All Causes of Action"**

1.     Defendants deny the allegations in paragraph 1 of the amended complaint because they lack knowledge or information sufficient to form a belief as to the truth of those allegations.

2.     Defendants admit the allegations in paragraph 2 of the amended complaint.

3.     Defendants admit the allegations in paragraph 3 of the amended complaint.

4.     Defendants admit that Mr. Klocker is a U.S. citizen and deny that he resides in Rocky River, Ohio.

5.     Insofar as Plaintiffs construe All-Metal's September 2, 2010, letter, the document speaks for itself. Otherwise, Defendants admit the allegations in paragraph 5 of the amended complaint.

6.      Insofar as Plaintiffs construe the document attached to their amended complaint as Exhibit B, the document speaks for itself. Otherwise, Defendants deny the allegations in paragraph 6 of the amended complaint because they lack knowledge or information sufficient to form a belief as to the truth of those allegations.

7.     Defendants deny that Ms.  Esparza or Mr. Klocker was a named party in All-Metal's trademark lawsuit against A-Metal. Otherwise, Defendants admit the allegations in paragraph 7 of the amended complaint.

8.     Defendants deny any implication that A-Metal changing its name to "A Metal Source, LLC" ended its infringement or should have terminated the trademark case. Defendants admit the other allegations in paragraph 8 of the amended complaint.

9.     Defendants admit that A-Metal's use of the phrase "A Metal" in its business name infringes All-Metal's trademark rights and that it and its attorneys asserted that position in the first action. Defendants deny the other allegations in paragraph 9 of the amended complaint.

10.     Insofar as Plaintiffs construe the document attached to their amended complaint as Exhibit C, the document speaks for itself. Defendants admit that they

have not sued any of the purported businesses listed on Exhibit C, and otherwise deny the allegations in paragraph 10 of the amended complaint.

11.    Insofar as Plaintiffs construe the document attached to their amended complaint as Exhibit D, the document speaks for itself. Defendants admit that the ThomasNet is a widely used business directory and that A-Metal's use of its infringing business names in that directory supported All-Metal's infringement case, and otherwise deny the allegations in paragraph 11 of the amended complaint.

12.    Defendants deny that the jury returned a verdict for Ms. Esparza, deny that the jury returned a verdict on January 7, 2012, and admit the other allegations in paragraph 12 of the amended complaint.

13.    Insofar as Plaintiffs construe the document attached to their amended complaint as Exhibit E, the document speaks for itself. Defendants admit the Court ordered Plaintiffs to pay costs and deny all other allegations in paragraph 13 of the amended complaint.

14.    Defendants deny that Mr. Klocker filed a motion in the first action, and otherwise admit the allegations in paragraph 14 of the amended complaint.

15.    Plaintiffs did not attach an Exhibit F to their amended complaint. Defendants otherwise deny the allegations in paragraph 15 of the amended complaint.

16.    Insofar as Plaintiffs construe the document attached to their amended complaint as Exhibit G, the document speaks for itself. Defendants deny that they claimed to have a federally registered trademark in the first action, admit that All-

Metal asserted unregistered trademark rights to the ALL METAL mark in the first action, and admit that All-Metal now has a federally registered trademark to its "A" logo, and denies the other allegations in paragraph 16 of the amended complaint.

17.    Insofar as Plaintiffs construe testimony at the trial of the first action, the written transcript of that proceeding speaks for itself. Insofar as Plaintiffs construe the letter authored by Mr. Klocker's father, that letter speaks for itself. Defendants otherwise deny the allegations in paragraph 17 of the amended complaint.

18.    Defendants admit that All-Metal filed a lawsuit, case no. CV-12-793534, against GKN Aerospace New England, Inc., admit that All-Metal has been a party to other civil actions, and deny the other allegations in paragraph 18 of the amended complaint.

### As To "First Cause of Action" (Frivolous Conduct)

19.    Defendants reaver and reallege each and every averment and response contained above as if specifically rewritten here and hereby incorporates the same by reference.

20.     Defendants deny the allegations in paragraph 20 of the amended complaint.

21.    Defendants deny the allegations in paragraph 21 of the amended complaint.

Defendants deny that Plaintiffs are entitled to any of the relief for which they pray under their first cause of action.

### As To "Second Cause of Action" (Unfair Competition)

22.     Defendants reaver and reallege each and every averment and response contained above as if specifically rewritten here and hereby incorporates the same by reference.

23.     Defendants deny the allegations in paragraph 23 of the amended complaint.

24.     Defendants deny the allegations in paragraph 24 of the amended complaint.

Defendants deny that Plaintiffs are entitled to any of the relief for which they pray under their second cause of action.

### As To "Third Cause of Action" (Abuse of Process)

25.     Defendants reaver and reallege each and every averment and response contained above as if specifically rewritten here and hereby incorporates the same by reference.

26.     Defendants admit that All-Metal had probable cause to file and prosecute the first action, and otherwise deny the allegations in paragraph 26 of the amended complaint.

27.     Defendants deny the allegations in paragraph 27 of the amended complaint.

Defendants deny that Plaintiffs are entitled to any of the relief for which they pray under their third cause of action.

## As To "Fourth Cause of Action" (Malicious Civil Prosecution)

28.    Defendants reaver and reallege each and every averment and response contained above as if specifically rewritten here and hereby incorporates the same by reference.

29.    Defendants deny the allegations in paragraph 29 of the amended complaint.

30.    Defendants deny the allegations in paragraph 30 of the amended complaint.

Defendants deny that Plaintiffs are entitled to any of the relief for which they pray under their fourth cause of action.

## As To "Fifth Cause of Action" (Unjust Enrichment)

31.    Defendants reaver and reallege each and every averment and response contained above as if specifically rewritten here and hereby incorporates the same by reference.

32.    Defendants deny the allegations in paragraph 32 of the amended complaint.

33.    Defendants deny the allegations in paragraph 33 of the amended complaint.

Defendants deny that Plaintiffs are entitled to any of the relief for which they pray under their fifth cause of action.

## As To "Sixth Cause of Action" (Emotional Distress)

34.    Defendants reaver and reallege each and every averment and response contained above as if specifically rewritten here and hereby incorporates the same by reference.

35.    Defendants deny the allegations in paragraph 35 of the amended complaint.

36.    Defendants deny the allegations in paragraph 36 of the amended complaint.

Defendants deny that Plaintiffs are entitled to any of the relief for which they pray under their sixth cause of action.

## Defendants' Affirmative Defenses

37.    Plaintiffs' fail to state a claim upon which relief can be granted.

38.    Plaintiffs' claims are barred by the applicable statute of limitations, statute of repose, or both.

39.    Plaintiffs' claims are barred by the doctrines of laches, estoppel, consent, acquiescence, and waiver.

40.    Plaintiffs' claims are barred by the doctrine of unclean hands.

41.    Ms. Esparza lacks standing to assert purported claims on behalf of her business, A-Metal.

42.    A-Metal lacks standing to assert purported claims on behalf of its owner, Ms. Esparza.

43.     Plaintiffs' damages, if any, were caused or contributed to by their own action or inaction or by the action or inaction of third-persons over whom Defendants have no ownership or control.

44.     Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate their damages, if any.

45.     Plaintiffs' demand for punitive damages is barred by the Due Process Clause of the Fifth Amendment to the United States Constitution and similar provisions of any applicable state constitution,

46.     Plaintiffs' demand for attorneys' fees is barred by the American Rule.

47.     Because All-Metal's trademark case had merit and was not objectively baseless, Plaintiffs' claims are barred by the *Noerr-Pennington* doctrine and the U.S. and Ohio Constitutions.

48.     Plaintiffs' claims are barred by res judicata and collateral estoppel based on the preclusive effect of the judgment entered in the first action.

## Defendants' Counterclaim

In accordance with Rule 13 of the Federal Rules of Civil Procedure, Thomas G. Klocker and All Metal Sales, Inc. hereby assert their counterclaim against Jessica Esparza and A Metal Source, LLC as follows:

## Parties

1.      All-Metal is an Ohio corporation with a principal place of business in Westlake, Ohio.

2.      Thomas G. Klocker is an individual who resides in Lakewood, Ohio.

3.      A-Metal is an Ohio limited liability company with a principal place of business in Westlake, Ohio.

4.      Jessica Esparza is an individual who resides in Westlake, Ohio.

## Jurisdiction and Venue

5.      This Court has subject matter jurisdiction over this counterclaim under 28 U.S.C. § 1121(a).

6.      This Court has personal jurisdiction over Ms. Esparza because she resides in Ohio, and it has personal jurisdiction over A-Metal because it is incorporated and does business in Ohio.

7.      Venue is proper under 28 U.S.C. § 1391(b) because all of the Counterclaim-Defendants reside in this judicial district.

## Facts

8.      On January 7, 2013, Jessica Esparza—on behalf of herself individually and as the "pro se" representative for her business, A Metal Source, LLC ("A-

Metal")—filed a complaint in the Cuyahoga County Court of Common Pleas against All Metal Sales, Inc. ("All-Metal") and its owner, Tom Klocker, entitled *Jessica Esparza, et al. v. Thomas Gerald Klocker, et al.*, Case No. CV-13-798996 (the "State Action").

9. Counterclaim-Defendants' complaint asserted six causes of action, all of which sought damages allegedly resulting from All-Metal's prior trademark lawsuit against A-Metal.

10. Counterclaim-Defendants filed an amended complaint in the State Action that asserted, among other things, a claim against Mr. Klocker and All-Metal for unfair competition under the federal Lanham Act.

11. On April 12, 2013, Mr. Klocker and All-Metal removed the State Action to this Court.

<u>**Count One**</u>
*Declaratory Relief*
*Unfair Competition under the Lanham Act*

12. Counterclaim-Plaintiffs incorporate by reference all allegations in all preceding paragraphs of this counterclaim as if fully rewritten herein.

13. In the State Action, each Counterclaim-Defendant alleged that the Counterclaim-Plaintiffs brought the trademark case with bad intent to harm the Counterclaim-Defendants.

14. The Counterclaim-Defendants alleged that by filing and prosecuting the trademark case with bad intent, the Counterclaim-Plaintiffs violated state law and unfairly competed "in violation of . . . the Lanham Act." (Am. Compl. ¶ 23.)

15.    The Counterclaim-Plaintiffs have not done anything wrongful, have not violated the Lanham Act, and have not unfairly competed.

16.    By accusing Counterclaim-Plaintiffs of unfair competition under the Lanham Act, Counterclaim-Defendants have created a substantial controversy between them and Counterclaim-Plaintiffs, each group having legal interests adverse to each other, of sufficient immediacy and reality to warrant declaratory relief.

17.    In accordance with the Declaratory Judgment Act, 28 U.S.C. § 2201, Counterclaim-Plaintiffs ask the Court to issue a judgment declaring that: (a) Counterclaim-Plaintiffs have not unfairly competed under the Lanham Act; and (b) All-Metal's trademark case was not objectively baseless and is immunized under the *Noerr-Pennington* doctrine.

18.    Counterclaim-Plaintiffs also ask the Court to grant such other and further relief as allowed at law or in equity that the Court deems to be appropriate.


Dated: April 14, 2013                    Respectfully submitted,


                                          s/ Matthew J. Cavanagh
Joseph A. Ferrante (0040128)             Matthew J. Cavanagh (0079522)
2 Summit Park Drive, Suite 540           MCDONALD HOPKINS LLC
Independence, Ohio 44131                 600 Superior Ave., East, Ste. 2100
t 216.674.1836 │ f 216.623.1176          Cleveland, Ohio 44114
ferranj@nationwide.com                   t 216.348.5400 │ f 216.348.5474
                                         mcavanagh@mcdonaldhopkins.com

                                         *Counsel for Thomas G. Klocker and*
                                         *All Metal Sales, Inc.*

<u>Certificate of Service</u>

I hereby certify that on April 14, 2013, a copy of the foregoing was filed electronically and was sent by first-class U.S. mail to plaintiffs' attorney, Lalene Meslat, Esq., at 27070 Detroit Road, # 102, Westlake, Ohio 44145. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

   s/ Matthew J. Cavanagh
*Counsel for Defendants*

{4259495;}