UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| Jessica Esparza, et al., | ) | Case No. 1:13-cv-835-DCN |
|---|---|---|
| Plaintiffs, | ) | Judge Donald C. Nugent |
| vs. | ) | |
| Thomas G. Klocker, et al., | ) | |
| Defendants. | ) | |

**Defendants' Motion For Leave To Respond To**
**Second Amended Complaint 30 Days After Remand**

Defendants Thomas G. Klocker and All Metal Sales, Inc. (collectively, "All-Metal") move for an order allowing All-Metal to move, plead, or otherwise respond to plaintiffs' second amended complaint within 30 days of remand to State Court or, alternatively, for a 28-day extension until May 30, 2013. Assuming plaintiffs' certificate of service is correct, they served All-Metal with the second amended complaint on April 15, making All-Metal's response presently due by May 2, at the earliest. There is good cause for this request because it will conserve the parties' resources by allowing All-Metal to move to dismiss in State Court, rather than moving to dismiss here and then renewing its motion in State Court after remand.

On April 12, 2013, All-Metal removed to this Court (ECF # 1) because plaintiffs Jessica Esparza and A Metal Source, LLC (collectively, "A-Metal") filed a first amended complaint that added a federal Lanham Act claim – a claim over which this Court has original subject matter jurisdiction.

{4296537:}

On April 15, 2013, A-Metal filed a second amended complaint in State Court, which All-Metal did not receive until days later (and days after removal). A-Metal's second amended complaint dropped the unfair competition claims (Ohio common law and Lanham Act) and the abuse of process claim, and it added three new claims. (*See* 2d Am. Compl., ECF # 10-1.) By changing their claims, A-Metal went beyond its oral request for leave to amend to merely "add more facts." (*See* Not. of Removal ¶ 17, ECF # 1.) Indeed, the State Court's order granting A-Metal leave to amend also required it to respond to All-Metal's then-pending motion to dismiss the *first* amended complaint, confirming that the State Court expected that only factual allegations would be added in the second amended complaint. (See Apr. 3, 2013, Order, ECF # 1-7.) Therefore, All-Metal did not know (and had no reason to suspect) that A-Metal would drop the federal question claim in its second amended complaint. Otherwise, All-Metal would not have removed.

Nonetheless, rather than litigate the propriety of A-Metal's second amended complaint, All-Metal accepts it as the operative pleading in the case. With the Lanham Act claim now dismissed by amendment, All-Metal agrees that remand is appropriate. An award of costs and expenses to A-Metal, however, is not warranted because the Lanham Act claim was pending at the time of All-Metal's removal, providing more than an "objectively reasonable basis" for removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("when an objectively reasonable basis [for removal] exists, fees should be denied"). All-Metal, therefore, will file an

opposition to A-Metal's remand motion—insofar as it requests costs and expenses—within the time allowed by local rule, by May 17, 2013.

For efficiency reasons, All-Metal asks this Court to allow All-Metal 30 days after remand to move, plead, or otherwise respond to the second amended complaint. This would avoid rule-based deadlines requiring All-Metal to move to dismiss in this Court prior to remand (and perhaps requiring A-Metal to oppose) and then having to file a second motion in State Court (modified for Ohio state law) after remand. There is further good cause for this request because All-Metal needs more time to research the facts and law bearing on the three new claims asserted in the second amended complaint, and the undersigned attorney expects to have limited time to do so over the next several weeks due to a family member's medical condition. Lastly, no party will be prejudiced by the granting of this request.

For the foregoing reasons, All-Metal requests that the Court grant it leave to respond to A-Metal's second amended complaint within 30 days of remand to State Court or, alternatively, for a 28-day extension until May 30, 2013.

Dated: May 2, 2013

Joseph A. Ferrante (0040128)
2 Summit Park Drive, Suite 540
Independence, Ohio 44131
t 216.674.1836 │ f 216.623.1176
ferranj@nationwide.com

Respectfully submitted,

  s/ Matthew J. Cavanagh
Matthew J. Cavanagh (0079522)
MCDONALD HOPKINS LLC
600 Superior Ave., East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474
mcavanagh@mcdonaldhopkins.com

*Counsel for Thomas G. Klocker and
All Metal Sales, Inc.*

<u>Certificate of Service</u>

I hereby certify that on May 2, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

 <u>s/ Matthew J. Cavanagh</u>
*Counsel for Defendants*

{4296537;}